Derbig.ny, J.
delivered the opinion of the . . Court. The plaintiff and appellant, after having been several years the concubine of P. Trouvé, one the appellees, married him. Two days before the marriage, he subscribed in her favor, before two witnesses, an acknowledgment by which he declares himself to be her debtor in a sum of $2304, for wages earned by her, as his servant during twelve years. For that sum, the appellant *611 claims a legal mortgage on her husband’s property, and pretends that she ought to be paid, in preference to Thomas Durnford the other appellee, out of the proceeds of a house which Trouvé him with a right of redemption. The only proof of her services is the acknowledgment above mentioned, and the deposition of one of the.subscribing witnesses, who says that Trouvé told him he had taken the appellant upon wages, so that the sole source of the evidence of this fact is P. Trouvé.
This in itself would be enough to caution the Court against too easy an admission of this claim, so far as it may affect the interest of third persons, But there are circumstances here, so flagrantly suspicious, that they stamp fraud and collusion on the face of this transaction, and defeat the claim of the appellant, independently of any other consideration.
The appellant, when first seen by the witness in the house of Trouvé, was by him mistaken for his wife : he found, however, that she was his concubine. -After twelve years of such life, during which she had several children, Trouvé, on the eve of marrying her, signs an acknowledgment that he owes her full wages for all that time : no deduction: not a dollar ever paid her-on account during these twelve years, though Trouvé was a man of considerable property. In the mean time she used to dress very neatly. Can this be believed ? The witness himself, on whose sole tes *612 timony the success of this action depends, did not venture, notwithstanding his evident partiality to the appellant, to go the whole length in support of her claim, He had indeed sworn at first that' the paper, here relied on by the plaintiff, was made before her marriage ; but on being, cross-examined to that point, he does not dare to affirm the fact, but confesses that he cannot say whether it was signed befoYe or after; such a deposition upon such a voucher must not be permitted to defeat the claim of a legitimate creditor.
Thee etore, without examining here how far a woman, creditor of the man whom she after-wards marries, may be considered as having bro’t the sum thus due to her, and whether for such a debt she is entitled to a mortgage on her husband’s property, we say that in this case the proof of the existence of the debt does not deserve credit, so far as to affect the interest of third persons.
It is, therefore^ adjudged and decreed, that the judgment of the District Court be affirmed with costs.